IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ANTHONY ROBERTSON, | |
|---|---|
| Petitioner, | 8:19CV104 |
| v. | |
| BARBARA LEWIEN, Warden, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the Court on preliminary review of petitioner Anthony Robertson's ("Robertson") Petition for Writ of Habeas Corpus (Filing No. 1)[1] brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Robertson's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Robertson's claims are:

Claim One: He was denied effective assistance of counsel because his trial counsel (1) failed to withdraw when Robertson asked the trial court to assign him another attorney; (2) failed to find witnesses, gather physical evidence and phone records, or depose the State's witnesses; and (3) failed to properly communicate with Robertson about his case.

Claim Two: He was denied effective assistance of counsel because his trial counsel failed to properly object to, and preserve for appeal, the conduct of the trial court when it intervened in the trial by *sua sponte* objecting to evidence and directing a witness not to answer a question posed by defense counsel regarding the

---

[1] For purposes of the Court's preliminary review, Robertson's habeas petition includes the supplemental materials (Filing No. 5) he filed with the Court the day after filing his petition.

|  |  |
|---|---|
| | truthfulness of another witness and statements the witness made to police and prosecutors. |
| Claim Three: | There was insufficient evidence to support the underlying conviction of first-degree false imprisonment. |
| Claim Four: | The trial court abused its discretion by imposing an excessive sentence and using Robertson's previous felony conviction for which he was not represented by counsel at sentencing to enhance Robertson's sentence under the habitual-criminal statute. |
| Claim Five:[2] | He was denied effective assistance of counsel because his postconviction counsel (1) failed to raise Robertson's concerns governing the racial composition of the jury, trial counsel's failure to record an in-chambers meeting concerning a single Hispanic juror, trial counsel's failure to record voir dire and closing argument, trial counsel's failure to object to the prosecution's strike of a particular juror, and objections to closing argument; (2) failed to raise trial counsel's failure to ensure a fair evidentiary hearing to challenge the validity of the jury selection process as it relates to the prosecution's strike of a particular juror; and (3) failed to raise trial counsel's failure to ensure fair adjudication in connection with closing arguments, |

---

[2]As set forth in his petition, Robertson's "Ground Five" states: "Issues of ineffective assistance of counsel and possible prosecutorial misconduct having been identified but will require further evidentiary hearing." He then cites to various documents related to his Successive and Supplemental Motions for Postconviction Relief, including the Nebraska Court of Appeals' memorandum opinion regarding the appeal of the denial of his motions. The Court liberally construes Robertson's "Ground Five" as referring to the ineffective assistance of postconviction counsel claims raised in his Successive Motion for Postconviction Relief.

voir dire, failure to obtain phone records, and certain videotape evidence.

With the exception of Claim Five, the Court determines that Robertson's claims—liberally construed—are potentially cognizable in federal court. However, the Court cautions Robertson that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent him from obtaining the relief sought. Claim Five is not a cognizable habeas corpus claim because "claims based on ineffective assistance of counsel and other constitutional deprivations during state postconviction proceedings are not cognizable in a federal habeas corpus action." *Jenkins v. Houston*, No. 4:05CV3099, 2006 WL 126632, at *1 (D. Neb. Jan. 17, 2006) (collecting cases). Claim Five is dismissed.

Based on the foregoing,

IT IS ORDERED:

1. Upon initial review, the Court preliminarily determines that—with the exception of Claim Five—Robertson's claims, as set forth in this Memorandum and Order, are potentially cognizable in federal court. Claim Five is dismissed.

2. By September 23, 2019, Respondent must file a motion for summary judgment or state-court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: September 23, 2019: deadline for Respondent to file state-court records in support of answer or motion for summary judgment.

3. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Robertson:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state-court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State-Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state-court records, and Respondent's brief must be served on Robertson, except that Respondent is only required to provide Robertson with a copy of the specific pages of the record that are cited in Respondent's motion and brief. If Robertson deems the designation of state-court records insufficient or if he needs additional records from the designation, he may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after the motion for summary judgment is filed, Robertson must file and serve a brief in opposition to the motion. Robertson may not submit other documents unless directed to do so by the Court.

E. No later than 30 days after Robertson files his brief, Respondent must file and serve a reply brief. If Respondent elects not to file a reply brief, she should inform the Court by filing a notice stating that she will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. The documents must be filed no later than 30 days after the denial of the motion for summary judgment. Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Robertson's release.

4. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Robertson:

A. By September 23, 2019, Respondent must file all state-court records that are relevant to the cognizable claims. See, e.g., Rule 5(c)-(d) of the Rules Governing Section 2254 Cases in the United States District Courts. Those records must be contained in a separate filing entitled: "Designation of State-Court Records in Support of Answer."

B. No later than 30 days after the relevant state-court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Robertson's allegations that have survived initial review, and whether any claim is barred by

4

a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. See, e.g., Rules 5(b) and 9 of the Rules Governing Section 2254 Cases in the United States District Courts.

C. Copies of the answer, the designation, and Respondent's brief must be served on Robertson at the time they are filed with the Court, except that Respondent is only required to provide Robertson with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. If Robertson deems the designation of state-court records insufficient or if he needs additional records from the designation, he may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent files her brief, Robertson must file and serve a brief in response. Robertson must not submit any other documents unless directed to do so by the Court.

E. No later than 30 days after Robertson files his brief, Respondent must file and serve a reply brief. If Respondent elects not to file a reply brief, she should inform the Court by filing a notice stating that she will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: October 23, 2019: check for Respondent's answer and separate brief.

5. No discovery shall be undertaken without leave of the Court. See Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated this 7th day of August 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge